IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| De'Angelo Harrison, #330576,<br><br>                Plaintiff,<br><br>vs.<br><br>South Carolina Department of Corrections; Medical Staff at Allendale C.I.; Byrne Thomas E. a/k/a Thomas Byrne; Pamelia C Derrick; Director of Health Services John Solomon, PHD; Director of Medical John Tomarchig; Warden at Ridgeland C.I. Levern Cohen; Lieutenant S. Watson, also at Ridgeland; Chris R. Lloyd, Medical Staff at Ridgeland CI; George J. Amonitti, Medical Staff at Ridgeland CI; Karina M. Callaway, Medical Staff at Ridgeland CI; Ella L. Simmons, Medical Staff at Ridgeland CI; and Dr. Elkins,<br><br>                Defendants. | C/A No. 8:14-1196-JMC-JDA<br><br>REPORT AND RECOMMENDATION<br><br>*for partial disposition* |

_____

De'Angelo Harrison ("Plaintiff"), proceeding pro se, brings this civil action pursuant to 42 U.S.C. § 1983. Plaintiff is currently incarcerated at the Evans Correctional Institution, and he files this action *in forma pauperis* under 28 U.S.C. § 1915. Defendants South Carolina Department of Corrections and Medical Staff at Allendale C.I. should be summarily dismissed from this action without prejudice and without issuance and service of process.

Background

Plaintiff alleges several violations of his constitutional rights against certain prison officials employed at Ridgeland and Allendale Correctional Institutions. [Doc. 1.] Although Plaintiff listed in the caption as Defendants the South Carolina Department of Corrections

and Medical Staff at Allendale C.I., on the Complaint form page, where Defendants are to be specified, he did not list them. [Doc. 1-1 at 4.]  Further, after being directed to submit proposed service documents for all Defendants and submitting the required documents for many of them, Plaintiff did not submit any proposed service documents for the South Carolina Department of Corrections and Medical Staff at Allendale C.I. [Doc. 13, 19, 21.]

## Standard of Review

Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(d) DSC, the undersigned is authorized to review the Complaint for relief and submit findings and recommendations to the District Court.  Plaintiff filed this action pursuant to 28 U.S.C. § 1915, the *in forma pauperis* statute.  This statute authorizes the District Court to dismiss a case if it is satisfied that the action "fails to state a claim on which relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).  Further, Plaintiff is a prisoner under the definition in 28 U.S.C. § 1915A(c), and "seeks redress from a governmental entity or officer or employee of a governmental entity."  28 U.S.C. § 1915A(a).  Thus, even if Plaintiff had prepaid the full filing fee, this Court is charged with screening Plaintiff's lawsuit to identify cognizable claims or to dismiss the Complaint if (1) it is frivolous, malicious, or fails to state a claim upon which relief may be granted or (2) seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A.

As a pro se litigant, Plaintiff's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*).  However, even under this less stringent

standard, a portion of the pro se pleading remains subject to summary dismissal. The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which Plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct Plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

Discussion

Because Plaintiff did not submit the required proposed service documents for Defendants South Carolina Department of Corrections and Medical Staff at Allendale C.I., Plaintiff has failed to prosecute this case against them and has failed to comply with an order of this Court. Rule 41(b) permits dismissal of an action based on a plaintiff's failure to prosecute. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–33 (1962). It is recommended that Defendants South Carolina Department of Corrections and Medical Staff at Allendale C.I. should be dismissed *without prejudice* pursuant to Rule 41 of the Federal Rules of Civil Procedure.

Moreover, those Defendants may also be dismissed because Plaintiff fails to state a claim against them on which relief may be granted. The Complaint is filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). A civil action under § 1983 "creates a private right of action to vindicate violations of 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Rehberg v. Paulk*, 132 S. Ct. 1497, 1501 (2012). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). It is well settled that inanimate objects such as buildings, facilities, and grounds do not qualify as "persons" and cannot act under color of state law. *See Nelson v. Lexington Cnty. Det. Ctr.*, C/A No. 8:10-

2988-JMC, 2011 WL 2066551 (D.S.C. May 26, 2011) (finding that a building, detention center, is not amenable to suit under § 1983); *Brooks v. Pembroke City Jail*, 722 F. Supp. 1294, 1301 (E.D.N.C. 1989) ("Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit."). Here, the South Carolina Department of Corrections is a department, group of buildings, or a facility, and it is not considered a person subject to suit under 42 U.S.C. § 1983. Similarly, the Medical Staff at Allendale C.I. is an alleged group of people employed in the medical department, but groups of people are not amenable to suit under § 1983. *See Harden v. Green*, 27 F. App'x 173, 178 (4th Cir. 2001) (finding that the medical department of a prison is not a person pursuant to § 1983); *Dalton v. South Carolina Dep't of Corr.*, C/A No. 8:09-260-CMC-BHH, 2009 WL 823931, at *2 (D.S.C. March 26, 2009) (dismissing the medical staff of SCDC and Prison Health Services as defendants because they were not persons).

## Recommendation

It is recommended that the District Court dismiss Defendants South Carolina Department of Corrections and Medical Staff at Allendale C.I. from this action without prejudice and without issuance and service of process. *See Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); and 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal). This action remains pending, and, at this time, service of process is authorized for Defendants Bryne Thomas a/k/a Thomas Byrne, Pamelia C. Derrick, John Solomon, John Tomarching, Levern Cohen, Lieutenant S.

Watson, Chris A. Lloyd, George J. Amonitti, Karina M. Callaway, Ella L. Simmons, and Dr.

Elkins.  **Plaintiff's attention is directed to the important notice on the next page.**

                                                                s/ Jacquelyn D. Austin
                                                                United States Magistrate Judge

July 8, 2014
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 300 East Washington Street, Room 239
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).