## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
## ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| DeAngelo Harrison, ) | |
| ) | Civil Action No. 8:14-cv-01196-JMC |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER AND OPINION** |
| ) | |
| South Carolina Department of Corrections, ) | |
| Medical Staff at Allendale CI, Byrne ) | |
| Thomas *aka* Thomas Byrne, Pamelia C. ) | |
| Derrick, John Soloman, John Tomarching, ) | |
| Levern Cohen, Lieutenant S. Watson, Chris ) | |
| A. Lloyd, George J. Amonitti, Karina M. ) | |
| Callaway, Ella L. Simmons, Dr. Elkins, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

Plaintiff DeAngelo Harrison ("Plaintiff") filed this *pro se* action pursuant to 42 U.S.C. § 1983. Plaintiff alleges failure to protect, excessive force, and deliberate indifference of serious medical needs by Defendants South Carolina Department of Corrections ("SCDC"), Medical Staff at Allendale Correctional Institution, Byrne Thomas (also known as Thomas Byrne), Pamelia C. Derrick, John Soloman, John Tomarching, Levern Cohen, Lieutenant S. Watson, Chris A. Lloyd, George J. Amonitti, Karina M. Callaway, Ella L. Simmons, and Dr. Elkins, (collectively "Defendants"). (ECF No. 1.) This matter is before the court on Defendants' Motion for Summary Judgment (ECF No. 102).

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, the matter was referred to United States Magistrate Judge Jacquelyn D. Austin for pre-trial handling. The Magistrate Judge issued three Report and Recommendations relevant to this analysis: 1) on July 8, 2014, recommending the court dismiss Defendants SCDC and Medical Staff at Allendale Correctional Institution (ECF No. 39), 2) on September 10, 2014, recommending the court dismiss Defendant

1

Karina M. Callaway (ECF No. 69), and 3) on June 1, 2015, recommending the court grant the remaining Defendants' Motion for Summary Judgment (ECF No. 109). This review considers Plaintiff's Motion for Objection ("Dismissal Objections"), filed July 23, 2014 (ECF No. 43), and Motion for Objections, Recommendation for Dismissing Without Prejudice ("Callaway Objections"), filed September 25, 2014 (ECF No. 75). For the reasons set forth herein, the court **ACCEPTS** the Magistrate Judge's Reports. The court thereby **DISMISSES** Defendants SCDC, Medical Staff at Allendale Correctional Institution, and Karina M. Callaway and **GRANTS** the remaining Defendants' Motion for Summary Judgment (ECF No. 102).

## I. RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

The court concludes upon its own careful review of the record that the factual and procedural summations in the Magistrate Judge's Reports are accurate, and the court adopts these summaries as its own. (*See* ECF Nos. 39, 69, 109.) The court will only recite herein facts pertinent to the analysis of Plaintiff's Objections.

Plaintiff is currently incarcerated at Evans Correctional Institution, within the SCDC. (ECF No. 1 at 2.) During the time relevant to his Complaint, Plaintiff was housed at the SCDC's Ridgeland Correctional Institution and Allendale Correctional Institution. (*Id.* at 4-8.) Plaintiff filed this action on April 10, 2014, alleging failure to protect, excessive force, and deliberate indifference of serious medical needs due to several injuries sustained in an assault by other prisoners while he was at Ridgeland and alleged failure to provide proper medical care after he was transferred to Allendale. (*Id.*) Plaintiff seeks damages totaling $250,000 for his head injury, $50,000 for a foot injury, $5,000 for a nose injury, $250,000 for an eye injury, $5,000 for stab wounds, and $250,000 for spine injury. (ECF No. 1-1 at 5.)

On July 8, 2014, the Magistrate Judge issued the first Report, recommending the court

dismiss Defendants SCDC and Medical Staff at Allendale Correctional Institution.  (ECF No. 39.)  The Magistrate Judge found that SCDC, as "a department, group of buildings, or a facility, [] is not considered a person subject to suit under 42 U.S.C. § 1983."  (*Id.* at 5.)  In addition, "the Medical Staff at Allendale C.I. is an alleged group of people employed in the medical department, but groups of people are not amenable to suit under § 1983."  (*Id.*)  Plaintiff timely filed his Dismissal Objections on July 23, 2014.  (ECF No. 43.)

On August 18, 2014, Defendants Cohen, Derrick, Elkins, Lloyd, Simmons, Solomon, Thomas, Tomarching, and Watson filed a Motion to Dismiss for Failure to State a Claim.  (ECF No. 52.)  Defendant Amonitti filed a Motion to Dismiss on October 1, 2014.  (ECF No. 83.)  The court accepted the Magistrate Judge's recommendation (ECF No. 87) and denied the Motions on December 1, 2014.  (ECF No. 94.)

The Magistrate Judge filed the second report on September 10, 2014, recommending Defendant Callaway, who had not been served, be dismissed from the action.  (ECF No. 69.)  Plaintiff timely filed the Callaway Objections on September 25, 2014.  (ECF No. 75.)

On January 19, 2015, the remaining Defendants filed a Motion for Summary Judgment.  (ECF No. 102.)  The Magistrate Judge filed the final Report on June 1, 2015, recommending the court grant the Motion.  (ECF No. 109.)  Plaintiff did not file objections to this Report.

## II. LEGAL STANDARD AND ANALYSIS

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina.  The Magistrate Judge makes only a recommendation to this court.  The recommendation has no presumptive weight.  The responsibility to make a final determination remains with this court.  *See Matthews v. Weber*, 423 U.S. 261, 270-71 (1976).  This court is charged with making a *de novo* determination of those

portions of the Report to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation, or recommit the matter with instructions.  *See* 28 U.S.C. § 636 (b)(1).

Objections to a Report and Recommendation must specifically identify portions of the Report and the basis for those objections.  Fed. R. Civ. P. 72(b).  "[I]n the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).  Failure to timely file specific written objections to a Report will result in a waiver of the right to appeal from an Order from the court based upon the Report.  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984).  If the plaintiff fails to properly object because the objections lack the requisite specificity, then *de novo* review by the court is not required.

As Plaintiff is a *pro se* litigant, the court is required to liberally construe his arguments. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).  The court addresses those arguments that, under the mandated liberal construction, it has reasonably found to state a claim.  *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999).

**A.  Dismissal of Defendants SCDC and Medical Staff at Allendale Correctional Institution**

Plaintiff's Dismissal Objections lack the requisite specificity required by Federal Rule of Civil Procedure 72(b).  In his Objections, Plaintiff seems to argue against dismissal of the action as a whole, which was not the Magistrate Judge's recommendation.  Instead, Plaintiff lists the individuals he has named as Defendants and reiterates the allegations from his Complaint.  He

offers nothing to refute the Magistrate Judge's finding that the SCDC and the Medical Staff at Allendale Correctional Institution are not amenable to suit under § 1983.  As such, he has failed to properly object to the Report with specificity, and therefore, the court does not need to conduct a *de novo* review and instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond,* 416 F.3d at 315.  The court does not find clear error and accepts the recommendation of the Magistrate Judge that Defendants SCDC and Medical Staff at Allendale Correctional Institution be dismissed.

**B.  Dismissal of Defendant Callaway**

Plaintiff filed the Callaway Objections simply to note he consents to the dismissal of Defendant Callaway from this action, and thus offers no objections to the Magistrate Judge's recommendation.  (ECF No. 75.)  In the absence of objections to the Magistrate Judge's Report, this court is not required to provide an explanation for adopting the recommendation.  *See Camby v. Davis,* 718 F.2d 198, 199 (4th Cir. 1983).  Rather, "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond,* 416 F.3d at 315.  Furthermore, failure to file specific written objections to the Report results in a party's waiver of the right to appeal from the judgment of the District Court based upon such recommendation.  28 U.S.C. § 636(b)(1); *Thomas*, 474 U.S. 140.

The court finds no clear error, and therefore accepts the Magistrate Judge's recommendation that the court dismiss Defendant Callaway.

**C.  Motion for Summary Judgment**

Plaintiff filed no objections in response to the Magistrate Judge's Report (ECF No. 109) recommending the court grant Defendants' Motion for Summary Judgment (ECF No. 102).  In

the absence of objections to the Magistrate Judge's Report, this court is not required to provide an explanation for adopting the recommendation.  *See Camby*, 718 F.2d at 199).  Rather, "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond,* 416 F.3d at 315.  Furthermore, failure to file specific written objections to the Report results in a party's waiver of the right to appeal from the judgment of the District Court based upon such recommendation.  28 U.S.C. § 636(b)(1); *Thomas*, 474 U.S. 140.

The court finds no clear error, and therefore accepts the Magistrate Judge's recommendation that the court grant Defendants' Motion for Summary Judgment.

### III. CONCLUSION

Based on the aforementioned reasons and a thorough review of the Report of the Magistrate Judge and the record in this case, the court **ACCEPTS** the Reports of the Magistrate Judge (ECF Nos. 39, 69, 109).  It is therefore ordered that Defendants SCDC, Medical Staff at Allendale Correctional Institution, and Karina M. Callaway are **DISMISSED** from this action and the remaining Defendants' Motion for Summary Judgment (ECF No. 102) is **GRANTED**.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

July 2, 2015
Columbia, South Carolina